### EMILIO R. LEMBO *vs.* CHARLES K. DONNELL.

Androscoggin County. Decided August 1, 1917. Action on the case wherein it is alleged that the defendant performed an illegal operation on the plaintiff's wife to produce a miscarriage, and thereafter negligently and unskilfully treated her, whereby the plaintiff was put to large expense for nursing, medicine and medical attendance for her, and was deprived of her companionship and services for a long space of time. Upon trial the jury returned a verdict of $881.58 for the plaintiff, and the case is now before the Law Court upon a motion by the defendant for a new trial based upon the allegations

that the verdict is against the weight of the evidence and that the damages awarded are excessive.

We have examined and studied the evidence with care, and we are by no means satisfied that the finding of the jury in the plaintiff's favor was erroneous. Whether they found against the defendant upon both, or only upon one, of the allegations upon which the action is based, this court cannot now determine; but that is immaterial, for we think the evidence is abundantly sufficient to justify the jury in finding that both of those allegations were established.

Neither is it made to appear to the court that the damages awarded are excessive. The plaintiff's wife became infected with blood-poisoning as a result of the criminal operation on her. The defendant attended her for about four weeks following the operation. Under his treatment she became desperately ill, and as soon as another physician was called she was removed to a hospital where her case was diagnosed as almost hopeless. She remained in the hospital seven weeks during which time ten operations were performed to remove pus from different parts of her body. She had recovered only in part at the time of the trial,—about six months after she left the hospital. The evidence shows that the plaintiff was put to large expense for nursing, medicine, and medical and surgical services in an effort to save his wife's life and to restore her to health as much as possible. The jury may well have found from the evidence that his actual disbursements and liabilities necessarily incurred on that account amounted to substantially $600. In view of that fact, and also that the plaintiff was deprived of the services of his wife for a long space of time, and that he suffered great anxiety and distress of mind on account of her serious illness, an award of $881.58 damages in his favor cannot be regarded as excessive. Motion overruled. Judgment on the verdict. *Newell & Woodside*, for plaintiff. *Tascus Atwood*, for defendant.